IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DONYEIL CUNNINGHAM,

            Petitioner

VS.

WARDEN HART,

            Respondent

NO. 3:07-CV-71 (CDL)

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Petitioner DONYEIL CUNNINGHAM has filed two motions to dismiss his petition for habeas corpus relief. Tabs #13 and #17. Both of Cunningham's motions allege that he has failed to exhaust the state remedies available to him as required by 28 U.S.C. §2254(b) and (c) and ***Rose v. Lundy***, 455 U.S. 509 (1982).

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." ***Picard v. Connor***, 404 U.S. 270, 275 (1971) (*citing* ***Ex Parte Royall***, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording v. Swenson***, 404 U.S. 249, 250 (1971) (*quoting* ***Fay v. Noia***, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

Because the petitioner has demonstrated that he has not exhausted his state claims — specifically that the Supreme Court of Georgia has recently granted the petitioner's motion for reconsideration — IT IS RECOMMENDED that Cunningham's Motions to Dismiss (Tabs #13 and #17) be **GRANTED** and that his petition be **DISMISSED** *without prejudice*. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 2nd day of NOVEMBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE